1   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
    nchatterjee@orrick.com
2   ELIZABETH A. HOWARD (STATE BAR NO. 173185)
    ehoward@orrick.com
3   VICTORIA R. CARRADERO (STATE BAR NO. 217885)
    vcarradero@orrick.com
4   SIDDHARTHA VENKATESAN (STATE BAR NO. 245008)
    svenkatesan@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
6   Menlo Park, CA 94025         *E-FILED 11/26/07*
    Telephone:    650-614-7400
7   Facsimile:     650-614-7401

8   Attorneys for Plaintiff
    LEWIS GARY MORRIS
9

    ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
10   annettek@lawfoundation.org
    KIMBERLY PEDERSON (STATE BAR NO. 234785)
11   kimp@lawfoundation.org
    LAW FOUNDATION OF SILICON VALLEY
12   111 West Saint John Street, #315
    San Jose, CA 95113
13   Telephone:    (408) 293-4790
    Facsimile:     (408) 293-0106
14

    Attorneys for Plaintiff
15   LEWIS GARY MORRIS

16

17                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA
18
                   SAN JOSE DIVISION
19

20   LEWIS GARY MORRIS,              Case No.  C-07-02177 (JF)

21          Plaintiff,

22        v.                      **STIPULATED PROTECTIVE**
                               **ORDER**
23   REPUBLIC HOME LOAN
    CORPORATION, a California corporation,
24   LOS GATOS FINANCIAL GROUP, INC., a
    California corporation, MICHAEL B.
25   SPORLEDER, an individual, EDGAR
    LOPEZ, an individual,  DOWNEY SAVINGS
26   AND LOAN ASSOCIATION, a California
    Corporation, and DOES 1 to 100,
27

28             Defendants.

OHS West:260313681.1
910683-4                  - 1 -

1    1.    PURPOSES AND LIMITATIONS

2        Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6    Protective Order. The parties acknowledge that this Order does not impact the power of the Court

7    to fashion Protective Orders under F.R.Civ.P. 26(c).

8        The parties further acknowledge, as set forth in Section 10, below, that this

9    Stipulated Protective Order is subject to the provisions of Civil Local Rule 79-5, which sets forth

10   the procedures that must be followed and reflects the standards that will be applied when a party

11   seeks permission from the court to file material under seal.

12   2.    DEFINITIONS

13       2.1    Party: any party to this action, including all of its officers, directors,

14   employees, consultants, retained experts, and outside Counsel (and their support staff).

15       2.2    Disclosure or Discovery Material: all items or information, regardless of

16   the medium or manner generated, stored, or maintained (including, among other things,

17   testimony, transcripts, or tangible things) that are produced or generated in disclosures or in

18   connection with discovery related to this matter.

19       2.3    "Confidential" Information or Items: information (regardless of how

20   generated, stored or maintained) or tangible things that qualify for protection under standards

21   developed under F.R.Civ.P. 26(c).

22       2.4    Receiving Party: a Party that receives Disclosure or Discovery Material

23   from a Producing Party.

24       2.5    Producing Party: a Party or non-party that produces Disclosure or

25   Discovery Material in this action.

26       2.6    Designating Party: a Party or non-party that designates information or

27   items that it produces in disclosures or in responses to discovery as "Confidential."

28
     OHS West:260313681.1                         - 2 -
     910683-4
     STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-02541 JF (HRL)

1          2.7     Protected Material: any Disclosure or Discovery Material that is

2    designated as "Confidential."

3          2.8     Counsel (without qualifier): Outside Counsel of record and In-House

4    Counsel (as well as their support staffs).

5          2.9     Expert: a person with specialized knowledge or experience in a matter

6    pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert

7    witness or as a consultant in this action and who is not a past or a current employee of a Party or

8    of a competitor of a Party and who, at the time of retention, is not anticipated to become an

9    employee of a Party or a competitor of a Party.  This definition includes a professional jury or

10   trial consultant retained in connection with this litigation.

11         2.10    Professional Vendors: persons or entities that provide litigation support

12   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

13   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

14   subcontractors.

15         3.      SCOPE

16         The protections conferred by this Stipulation and Order cover not only Protected Material

17   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

18   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

19   parties or Counsel to or in court or in other settings that might reveal Protected Material.

20         4.      DURATION

21         Even after the termination of this litigation, the confidentiality obligations imposed by this

22   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

23   otherwise directs.  The Court will retain jurisdiction to enforce the terms of the order for 6 months

24   after final termination of the action.

25         5.      DESIGNATING PROTECTED MATERIAL

26         5.1 .   Exercise of Restraint and Care in Designating Material for Protection.

27   Each Party or non-party that designates information or items for protection under this Order must

28   take care to limit any such designation to specific material that qualifies under the appropriate

OHS West:260313681.1
91.0683-4                                              - 3 -

STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-02541 JF (RRL)

1  standards. A Designating Party must take care to designate for protection only those parts of
2  material, documents, items, or oral or written communications that qualify—so that other portions
3  of the material, documents, items, or communications for which protection is not warranted are
4  not swept unjustifiably within the ambit of this Order.

5         Mass, indiscriminate, or routinized designations are prohibited.

6         If it comes to a Party's or a non-party's attention that information or items that it
7  designated for protection do not qualify for protection at all, or do not qualify for the level of
8  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
9  withdrawing the mistaken designation.

10         5.2    Manner and Timing of Designations.   Except as otherwise provided in this
11  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
12  material that qualifies for protection under this Order must be clearly so designated before the
13  material is disclosed or produced.

14         Designation in conformity with this Order requires:

15         (a)    for information in documentary form (apart from transcripts of depositions
16  or other pretrial or trial proceedings), that the Producing Part affix the legend
17  "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions
18  of the material on a page qualifies for protection, the Producing Party also must clearly identify
19  the protected portion(s) (e.g., "CONFIDENTIAL").

20         A Party or non-party that makes original documents or materials available for
21  inspection need not designate them for protection until after the inspecting Party has indicated
22  which material it would like copied and produced. During the inspection and before the
23  designation, all of the material made available for inspection shall be deemed
24  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and
25  produced, the Producing Party must determine which documents, or portions thereof, qualify for
26  protection under this Order, then, before producing the specified documents, the Producing Party
27  must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains
28  Protected Material. If only a portion or portions of the material on a page qualifies for protection,

STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-0254! JF (HRL)

1   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

2   appropriate markings in the margins) and must specify, for each portion ("CONFIDENTIAL.")

3            (b)      for testimony given in deposition or in other pretrial or trial proceedings,

4   designation of the portion of the transcript (including exhibits) which contains

5   "CONFIDENTIAL" information shall be made by a statement to such effect on the record in the

6   course of the deposition or, upon review of such transcript, by Counsel for the Person to whose

7   "CONFIDENTIAL" material the deponent has had access, said Counsel shall designate within

8   thirty days after Counsel's receipt or the transcript. Counsel shall list on a separate piece of paper

9   the numbers of the pages of the transcript containing any "CONFIDENTIAL" information,

10  inserting the list at the end of the transcript, and mailing copies of the list to Counsel for all

11  Parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such

12  designation by Counsel, the entire deposition transcript, including exhibits, shall be deemed

13  "CONFIDENTIAL." If no designation is made within thirty days after receipt of the transcript,

14  the transcript shall be considered not to contain any "CONFIDENTIAL" material.

15           (c)      for information produced in some form other than documentary, and for

16  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

17  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

18  If only portions of the information or item warrant protection, the Producing Party, to the extent

19  practicable, shall identify the protected portions, specifying whether they qualify as

20  "CONFIDENTIAL."

21           5.3      Inadvertent Failures to Designate.   If timely corrected, an inadvertent

22  failure to designate qualified information or items as "CONFIDENTIAL" does not waive the

23  Designating Party's right to secure protection under this Order for such material. If material is

24  appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

25  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

26  that the material is treated in accordance with the provisions of this Order.

27  ///

28  ///
OHS West:260313681.1
910683-4
- 5 -

STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-02541 JF (HRL)

1        6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

2            6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5    waive its right to challenge a confidentiality designation by electing not to mount a challenge

6    promptly after the original designation is disclosed.

7            6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

8    Designating Party's confidentiality designation must do so in good faith and must begin the

9    process by meeting and conferring with Counsel for the Designating Party. In conferring, the

10    challenging Party must explain the basis for its belief that the confidentiality designation was not

11    proper and must give the Designating Party an opportunity to review the designated material, to

12    reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

13    the chosen designation.  A challenging Party may proceed to the next stage of the challenge

14    process only if it has engaged in this meet and confer process first.

15            6.3    Judicial Intervention.  A Party that elects to press a challenge to a

16    confidentiality designation after considering the justification offered by the Designating Party

17    may file and serve a motion in compliance with Civil Local Rule 7 (and with Civil Local Rule 79-

18    5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

19    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

20    the movant has complied with the meet and confer requirements imposed in the preceding

21    paragraph and that sets forth with specificity the justification for the confidentiality designation

22    that was given by the Designating Party in the meet and confer dialogue.

23            The burden of persuasion in any such challenge proceeding shall be on the

24    Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

25    material in question the level of protection to which it is entitled under the Producing Party's

26    designation.

27    ///

28    ///
     OHS West:260313681.1
     910683-4                     - 6 -

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(e)     Professional Vendors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, a representative of whom has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

OHS West:260313681.1
910683-4

- 7 -

STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-02541 JF (HRL)

1    (f)    court reporters, their staffs, and Professional Vendors (as defined in this

2    Order) to whom disclosure is reasonably necessary for this litigation and a representative of

3    whom has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (g)    during their depositions, witnesses in the action to whom disclosure is

5    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6    (Exhibit A) Pages of transcribed deposition testimony or exhibits to depositions that reveal

7    Protected Material must be separately bound by the court reporter and may not be disclosed to

8    anyone except as permitted under this Stipulated Protective Order;

9    (h)    persons who appear on the face of the Protected Material as an author,

10   addressee, or recipient thereof;

11   (i)    the author of the document or the original source of the information;

12   (j)    the officers, directors, and employees (including House Counsel) of the

13   Receiving Party on a need to know basis, disclosure to whom has been approved by all opposing

14   parties and to whom disclosure is reasonably necessary for this litigation and who have signed the

15   "Agreement to Be Bound by Protective Order" (Exhibit A).  Opposing parties shall not

16   unreasonably withhold consent to disclosure.

17        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

18   OTHER LITIGATION

19        In the event any Receiving Party having possession, custody or control of any

20   "CONFIDENTIAL" material receives a subpoena or other process or order to produce such

21   information in another, unrelated legal proceeding, from a non-party to this action, such

22   Receiving Party shall immediately notify Counsel for the Designating Party of the subpoena or

23   other process or order, furnish Counsel for the Designating Party with a copy of said subpoena or

24   other process or order in sufficient time for the Designating Party to have the opportunity to take

25   the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all

26   reasonable procedures sought.  The Designating Party shall have the burden of defending against

27   such subpoena, process, or order.  The Receiving Party shall be entitled to comply with it except

28   to the extent the Designating Party has promptly notified the Receiving Party of its intent to take

OHS West:260313681.1
910683-4                                      - 8 -

1    immediate legal action to quash the subpoena, or otherwise protect the "CONFIDENTIAL

2    MATERIAL," in which case the Receiving Party shall not produce such documents while such

3    legal proceedings are pending or if the Designating Party is successful in obtaining an order

4    modifying or quashing the subpoena or other process or order.

5         The purpose of imposing these duties is to alert the interested parties to the existence of

6    this Protective Order and to afford the Designating Party in this case an opportunity to try to

7    protect its confidentiality interests from the subpoena or Court order. The Designating Party shall

8    bear the burdens and the expenses of seeking protection in that court of its confidential material—

9    and nothing in these provisions should be construed as authorizing or encouraging a Receiving

10   Party in this action to disobey a lawful directive from another court.

11   9.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13   Material to any person or in any circumstance not authorized under this Stipulated Protective

14   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

15   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

16   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

17   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

18   Be Bound" that is attached hereto as Exhibit A.

19   10.       FILING PROTECTED MATERIAL

20        Without written permission from the Designating Party or a court order secured after

21   appropriate notice to all interested persons, a Party may not file in the public record in this action

22   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

23   with Civil Local Rule 79-5.

24   11.       FINAL DISPOSITION.

25        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

26   after the final termination of this action, each Receiving Party must return all Protected Material

27   to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

28   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

OHS West:260313681.1                                    - 9 -
910683-4

1   Protected Material. With permission in writing from the Designating Party, the Receiving Party
2   may destroy some or all of the Protected Material instead of returning it. Whether the Protected
3   Material is returned or destroyed, the Receiving Party must submit a written certification to the
4   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
5   deadline that identifies (by category, where appropriate) all the Protected Material that was
6   returned or destroyed and that affirms that the Receiving Party has not retained any copies,
7   abstracts, compilations, summaries or other forms of reproducing or capturing any of the
8   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
9   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
10   work product, even if such materials contain Protected Material. Any such archival copies that
11   contain or constitute Protected Material remain subject to this Protective Order as set forth in
12   Section 4 (DURATION), above.

13      12.   **MISCELLANEOUS**

14        12.1   Right to Further Relief. Nothing in this Order abridges the right of any
15   person to seek its modification by the Court in the future.

16        12.2   Right to Assert Other Objections. By stipulating to the entry of this
17   Protective Order no Party waives any right it otherwise would have to object to disclosing or
18   producing any information or item on any ground not addressed in this Stipulated Protective
19   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of
20   the material covered by this Protective Order.

21        12.3   No Diminishing of Existing Rights. This Order shall not diminish any
22   existing obligation or right with respect to Protected Material.

23        12.4   No Probative Value. This Protective Order shall not abrogate or diminish
24   any contractual, statutory or other legal obligation or right of any party or person with respect to
25   any "CONFIDENTIAL INFORMATION." The fact that information is designated "Confidential
26   Information" under this Protective Order shall not be deemed to be determinative of what a trier
27   of fact may determine to be confidential or proprietary. This Protective Order shall be without
28   prejudice to the right of any party to bring before the Court the question of: (a) whether any

OHS West:260313681.1       - 10 -
910683-4

STIPULATED PROTECTIVE ORDER AMENDED BY COURT C06-02541 JF (HRL)

1    particular material is or is not confidential; (b) whether any particular information or material is

2    or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c)

3    whether any particular information or material is or is not relevant to any issue of this case,

4    provided that in doing so the party complies with the foregoing procedures. Absent a stipulation

5    of all parties, the fact that information has been designated "CONFIDENTIAL" under this

6    Protective Order shall not be admissible during the trial of this action, nor shall the jury be

7    advised of such designation. The fact that any information is disclosed, used or produced in

8    discovery or trial herein shall not be construed admissible, or offered in any action or proceeding

9    before any court, agency or tribunal as evidence of or concerning whether or not such information

10   is confidential or proprietary.

11

12   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13   DATED: November 21, 2007

14                                                ANNETTE KIRKHAM
                                                 Attorneys for Plaintiff
15                                               LEWIS GARY MORRIS

16   DATED:

17                                               CHRISTINE HUMPHRIES
                                                 Attorneys for Defendant
18                                               DOWNEY SAVINGS AND LOAN
                                                 ASSOCIATION, F. A.

19   DATED:  11/19/07

20                                               D. KENT WESTERBERG
                                                 Attorneys for Defendants
21                                               REPUBLIC HOME LOAN CORPORATION,
                                                 LOS GATOS FINANCIAL GROUP, INC., and
22                                               EDGAR LOPEZ

23

24

25   PURSUANT TO STIPULATION, IT IS ORDERED

26   DATED:

27                                               Hon. Jeremy Fogel
                                                 United States Judge
28
     OHS West:260313681.1                 - 11 -
     910683-4
            STIPULATED PROTECTIVE ORDER AMENDED BY COURT  C06-02541 JF (HRL)

1   particular material is or is not confidential; (b) whether any particular information or material is

2   or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c)

3   whether any particular information or material is or is not relevant to any issue of this case,

4   provided that in doing so the party complies with the foregoing procedures. Absent a stipulation

5   of all parties, the fact that information has been designated "CONFIDENTIAL" under this

6   Protective Order shall not be admissible during the trial of this action, nor shall the jury be

7   advised of such designation. The fact that any information is disclosed, used or produced in

8   discovery or trial herein shall not be construed admissible, or offered in any action or proceeding

9   before any court, agency or tribunal as evidence of or concerning whether or not such information

10  is confidential or proprietary.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  DATED: October ___, 2007

14                                                      ANNETTE KIRKHAM
                                                        Attorneys for Plaintiff
15                                                      LEWIS GARY MORRIS

16  DATED: _NOV 20, 2007_

17                                                      CHRISTINE HUMPHRIES
                                                        Attorneys for Defendant
18                                                      DOWNEY SAVINGS AND LOAN
                                                        ASSOCIATION, F. A

19

20  DATED: _____

                                                        D. KENT WESTERBERG
21                                                      Attorneys for Defendants
                                                        REPUBLIC HOME LOAN CORPORATION,
                                                        LOS GATOS FINANCIAL GROUP, INC., and
22                                                      EDGAR LOPEZ

23

24

25  PURSUANT TO STIPULATION, IT IS ORDERED

26
    DATED:          November 26, 2007
27                                                      Hon. xxxxxxxxxx Richard Seeborg
                                                        United States Judge
28
    OHS West:260313681.1                      - 11 -
    910683-4
    STIPULATED PROTECTIVE ORDER AMENDED BY COURT CO6-02541 JF (HRL)